## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFF SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  23-632 |
| | : | |
| KEIAN RUSHING, et al. | : | |

### MEMORANDUM

SCHMEHL, J. /s/ JLS                                          SEPTEMBER 13, 2023

      This action was originally brought by *pro se* Plaintiff in the Court of Common Pleas of Lehigh County, then removed by Defendant Ancora Education ("Ancora") to this Court on the basis of federal question jurisdiction. Presently before the Court is Ancora's Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to exhaust administrative remedies. For the reasons that follow, the motion is granted in part. The federal claims will be dismissed with prejudice and the state law claims will be remanded to the Court of Common Pleas of Lehigh County.

      "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York,* 577 F.3d 521, 526 (3d Cir.2009) (internal quotation marks and citation omitted). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks and citation omitted). "In deciding

a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir.2010) (citation omitted).

Ancora is a group of private, post-secondary schools located in, among other states, Pennsylvania. One of Ancora's brands includes the McCann School of Business and Technology ("McCann School"), a branch of which is located in Allentown, Pennsylvania. Compl. at ¶¶ 2, 3, 9. Plaintiff alleges that he was employed by Ancora at the McCann School as a Program Director. Compl. at ¶¶ 10, 23. Ancora terminated his employment sometime in early January of 2021. Compl. at ¶ 53. Plaintiff also names as defendants several former employees of Ancora and a former student ("Individual Defendants").[1] Compl. at ¶¶ 11, 12.

Plaintiff's first claim is brought under the "American [sic] with Disabilities Act," and alleges that he "had a disability covered under the above Act," and that Ancora and the Individual Defendants, despite their knowledge of his disability, "discriminated against Plaintiff Smith subjecting him to harsh treatment, creating a hostile work environment, suspension and ultimately termination." Compl. at ¶¶ 13-15.

Plaintiff's second claim is for "E.E.O.C Violations," wherein he references a "discrimination complaint" he filed with the "E.E.O.C."[2] Plaintiff alleges that within 10

---

[1] The Individual Defendants were apparently never served with a summons or the Complaint.

[2] The Charge was filed on or about March 28, 2019, Ancora's Motion to Dismiss at Ex. A, and subsequently dismissed by the Equal Employment Opportunity Commission ("EEOC"), which issued Plaintiff a right-to-sue notice on or about April 2, 2019. Ancora's Motion to Dismiss at Ex. B. The Charge complained that Plaintiff had been discriminated against on the basis of his religion, gender and age by his immediate supervisor because she "insult[ed] and disrespect[ed]" him in front of others and had him report to women. Ancora's Motion to Dismiss at Exhibit A. There is no allegation nor evidence that Plaintiff ever acted on the right-to-sue notice by bringing a federal suit.

days of the filing of that Complaint with the EEOC he received a disciplinary complaint which he claims was in retaliation for filing the EEOC Complaint. Compl. at ¶¶ 16-21. The Complaint's sixth claim is for "Sexual Harassment," wherein Plaintiff alleges that Defendant Darleen Dourney ("Dourney"), Plaintiff's immediate supervisor, harassed him based upon his wardrobe and appearance. Compl. at ¶¶ 34-37, 39-44. He claims that Defendant Virginia Carpenter ("Carpenter") was made aware of the harassment but took no action. Compl. at ¶ 35. He alleges that Ancora is responsible for the actions of its employees. Compl. at ¶ 37. Plaintiff further asserts that Dourney and Carpenter conspired and colluded to bring further disciplinary actions against him in retaliation for complaining about the harassment. Compl. at ¶ 43.

The Complaint's seventh claim is for "Sexual Discrimination," wherein Plaintiff alleges that Dourney "systematically terminated or pressured to resign most if not all of the male management team at McCann replacing all of them with females." Compl. at ¶¶ 45-46.

The Complaint's eighth claim is for "Age Discrimination," wherein Plaintiff asserts that Defendant Tamara Smith informed those in attendance at a staff meeting that, "'Corporate had instructed her to get rid of all of the dinosaurs at McCann.'" Compl. at ¶¶ 47- 48.[3]

Ancora argues that the above-referenced claims actually fall under Title VII, the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA") and, as such, must be dismissed because Plaintiff failed to file a Charge of

---

[3] The remainder of the Complaint asserts a state law claim under the Pennsylvania Whistleblower Act, and state law claims for "Defamation, Slander Libel," "Covid Violations," "wrongful termination," and "contract."

3

Discrimination with the EEOC within 300 days of the alleged discriminatory act. Indeed, before an aggrieved party can file a federal complaint under either Title VII, the ADEA and the ADA, the aggrieved party must first timely file a claim with the EEOC within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1)(B) (ADEA); 42 U.S.C. § 12117(a) (adopting enforcement scheme set forth at 42 U.S.C. § 2000e-5 for ADA enforcement).

Plaintiff was apparently terminated in late December, 2020 or the early part of January, 2021. Compl. at ¶ 53; ECF 5-3, at p. 9 (Plaintiff filed for unemployment compensation on January 3, 2021). Yet, nowhere in the Complaint or in the public record is there any allegation or evidence that Plaintiff filed **any** charge with the EEOC following his termination in January, 2021, let alone a charge within 300 days of his termination. Therefore, the Plaintiff's discrimination claims must be dismissed for failure to exhaust administrative remedies.

Plaintiff does not contend that he is entitled to equitable tolling of the 300-day period. See *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) ("[E]quitable tolling of statutes of limitation may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.") (internal quotation mark omitted). It should be noted that Plaintiff's allegations in his Complaint do not satisfy any of these situations.

Having dismissed all the federal claims which form the basis of this Court's jurisdiction over this matter, the Court, in its discretion, shall decline to exercise

supplemental jurisdiction over Plaintiff's remaining state law claims. See 28 U.S.C. § 1367(c)(3). Those claims will be remanded to the Court of Common Pleas of Lehigh County.